UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

George Fiorentino,                                     Civil No. 03-5132 (JNE/FLN)

           Plaintiff,

      v.                                               **REPORT AND RECOMMENDATION**

United States of America,

           Defendant.

_____

Pro Se Plaintiff.
Friedrich A. P. Siekert, for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on the

Defendant's Motion to Dismiss With Prejudice [#77].  The matter was referred to the undersigned

for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons

which follow, the Court recommends that Defendant's Motion to Dismiss With Prejudice [#77] be

granted.

**I.  BACKGROUND**

Plaintiff Fiorentino brought this action against several named Defendants under the Federal

Tort Claims Act, ("FTCA") 28 U.S.C. § 1346(b), §§ 2671-2680, alleging the torts of Medical

Malpractice or Negligence, Failure to Act and Failure to Perform a Duty.  Plaintiff also brought this

action as a "Bivens" action under Bivens v. Six Unknown Named Agents of the Federal Bureau of

Narcotics, 403 U.S. 388 (1971), alleging that Defendants were deliberately indifferent to Plaintiff's

serious medical needs, and that Defendants denied Plaintiff pain medication in violation of Federal

Statute, Regulation, and/or the Eighth Amendment to the U.S. Constitution.  On February 26, 2004,

Defendants' moved to dismiss this case on various different grounds.  On September 13, 2004, the

District Court affirmed the Magistrate's dismissal of all claims and Defendants except that the Court

permitted Plaintiff to move forward on his claim against the United States of America under the

Federal Tort Claims Act.  Plaintiff's claim against United States of America under the Federal Tort

Claims Act is the sole remaining claim in this case.

On March 2, 2005, Defendant United States personally served its First Set of Interrogatories

and Request for Production of Documents (hereinafter referred to as "discovery requests") on

Plaintiff.  On March 10, 2005, Defendant personally served its Responses to Plaintiff's First Set of

Interrogatories, Requests for Production of Documents, Request for Admissions of the Genuineness

of Documents, and Requests for Admissions.  On April 5, 2005, the Court granted Plaintiff's request

for an extension of time, and ordered Plaintiff to respond to Defendant's discovery requests by May

16, 2005.  On May 16, 2005, Plaintiff filed a second Motion for Extension of Time requesting until

June 15, 2005, by which to respond to Defendant's discovery requests.  On May 23, 2005, the Court

granted Plaintiff's motion for extension and ordered that no further extension of time would be

granted, and that Plaintiff was ordered to produce responses to Defendant's discovery requests by

June 15, 2005.  On June 7, 2005, Plaintiff filed a "Notice of Inability to Comply to Defendant's

Discovery Request in a Timely Manner" along with a declaration and a notice of change of address

reflecting the fact that he was then incarcerated in the Sherburne County Jail.  On or about June 14,

2005, Plaintiff contacted Defendant's counsel and stated that he would provide written answers to

the discovery requests in the near future.  On July 8, 2005, Defendant's counsel wrote Plaintiff a

letter demanding responses to the discovery requests and asking Plaintiff to call Defendant's counsel

by July 12, 2005 or Defendant would be forced to file a motion to compel.  Plaintiff contacted

Defendant on July 13, 2005 and stated that he was going to be released from Sherburne County Jail on July 14, that he would request permission to travel to Wisconsin to retrieve his files and that once he had retrieved his files he would respond to the discovery.  On August 9, 2005, Plaintiff filed another notice of change of address, and this address still remains Plaintiff's address on record with the Court.

Plaintiff did not contact Defendant further regarding the discovery responses.  As a result Defendant filed a motion to compel on September 29, 2005.  On October 6, 2005, the Court entered an Order requiring Plaintiff to respond to Defendant's motion to compel by October 24, 2005. Plaintiff did not file any response to the motion or the order.  On December 7, 2005, the Court entered an Order to Compel discovery.  The order required Plaintiff to comply fully with the discovery requests by December 21, 2005.  On December 28, 2005, Defendant filed the instant motion to dismiss this action with prejudice.  On January 4, 2006, this Court ordered Plaintiff to respond to Defendant's motion to dismiss on or before January 27, 2006.  The Court has not received a response from Plaintiff regarding Defendant's motion to dismiss.

Defendant has informed the Court that Defendant has not received any discovery responses from Plaintiff, nor has Plaintiff written, telephoned or otherwise contacted Defendant's counsel about the tardy discovery responses, the order to compel, or otherwise.  Since Plaintiff has failed to contact Defendant or otherwise respond to its discovery requests and this Court's order, Defendant moves for an order dismissing this action with prejudice for Plaintiff's failure to comply with the Court's order compelling discovery.  For the reasons which follow, the Court recommends that Defendant's motion to dismiss be granted.

## II.   CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 37(b)(2)(C) states

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35 . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . (C) An order . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(C). In the December 7, 2005, order granting Defendant's motion to compel, this Court stated that, "[i]f Plaintiff fails to comply with this order fully within fourteen (14) days, the Court will entertain a motion for dismissal of this action." (Docket No. 75.)

In the present case, Plaintiff has not complied with the December 7, 2005, Order of this Court in any way. The discovery requests at issue were served on Plaintiff on March 2, 2005. This Court twice extended the deadline for Plaintiff's responses to those discovery requests, and Plaintiff has not provided any explanation to the Court as to why he has been unable to respond to Defendant's discovery requests. Plaintiff has not contacted counsel for Defendant to discuss any aspects of this case since July 13, 2005. Defendant has informed the Court that none of the letters that Defendant sent to Plaintiff concerning the discovery responses has been returned undelivered. Defendant has informed the Court that Defendant mailed its letters to Plaintiff to the address on record with the Court. The Court further notes that Plaintiff has not informed the Court of any relevant address changes since August 9, 2005. Therefore, the Court concludes that Plaintiff has received notice of the various proceedings regarding the discovery responses and has still refused to comply with this Court's December 7, 2005, Order compelling Plaintiff to answer Defendant's discovery requests.

Since Plaintiff had notice regarding these proceedings, and since Plaintiff has refused to comply with this Court's December 7, 2005, Order without providing the Court with any

explanation as to Plaintiff's failure to comply, this Court will exercise its power pursuant to Federal

Rule of Civil Procedure Rule 37(b)(2)(C).  Therefore, the Court recommends that Defendant's

Motion to Dismiss With Prejudice be **GRANTED**.

### III.   RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED**

that Defendants' Motion to Dismiss With Prejudice be **GRANTED** and that Plaintiff's complaint

be **DISMISSED WITH PREJUDICE.**


DATED: March 29, 2006                        s/ *Franklin L. Noel*
                                             FRANKLIN L. NOEL
                                             United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with
the Clerk of Court and serving on all parties, on or before **April 17, 2006**, written objections which
specifically identify the portions of the proposed findings or recommendations to which objection
is being made, and a brief in support thereof. A party may respond to the objecting party's brief
within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words.
A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court,
and it is, therefore, not appealable to the Circuit Court of Appeals.